UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELVIA GONZALEZ,<br><br>        Plaintiff(s),<br><br>v.<br><br>ANDREW SAUL,<br><br>        Defendant(s). | Case No.: 2:18-cv-02199-APG-NJK<br><br>**REPORT AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act.  Currently before the Court is Plaintiff's Motion for Reversal and/or Remand.  Docket No. 14.  The Commissioner filed a response in opposition and a cross-motion to affirm.  Docket Nos. 18-19.  No reply was filed.  This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

   A.    Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g).  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court

of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ____, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may

know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have

3

a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

4

in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.    BACKGROUND**

    A.    Procedural History

On October 14, 2014, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of April 23, 2013. *See, e.g.*, Administrative Record ("A.R.") 164. Plaintiff's claim was denied initially on May 8, 2015, and upon reconsideration on December 4, 2015. A.R. 94-98, 103-07. On January 21, 2016, Plaintiff filed a request for a hearing before an ALJ. A.R. 108-09. On April 27, 2017, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Christopher Daniels. *See* A.R. 51-62. On October 12, 2017, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision. A.R. 10-24. On September 24, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-9.

On November 15, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

### B.     The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520.  A.R. 13-20.  At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018, and has not engaged in substantial gainful activity since April 23, 2013.  A.R. 15.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine.  A.R. 15.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 15.  The ALJ found that Plaintiff has the residual functional capacity to perform:

> sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb, balance, stoop, kneel, crouch, and crawl.  The claimant can tolerate no more than occasional exposure to hazards.

A.R. 15-18.  At step four, the ALJ found Plaintiff not capable of performing past relevant work as a dishwasher.  A.R. 18.  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity.  A.R. 18-20.  In doing so, the ALJ defined Plaintiff as a younger individual aged 18-44 at the time of the alleged disability onset date with limited education and an ability to communicate in English.  A.R. 18-19.  The ALJ found the transferability of job skills to be immaterial.  A.R. 19.  The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as an assembly worker, quality control inspector, and tube clerk.  A.R. 19-20.

Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision.  A.R. 20.

### III.    ANALYSIS AND FINDINGS

Plaintiff raises two arguments on appeal.  First, Plaintiff argues that the ALJ erred in the evaluation of the medical opinion evidence.  Second, Plaintiff argues that the ALJ erred in

discounting her own testimony. The Commissioner disagrees on both counts. The Court will address the arguments in turn below.

### A.   MEDICAL OPINION EVIDENCE

Plaintiff's primary focus on appeal is arguing that the ALJ erred in discounting the opinion of consultative examiner Dr. Jerrold Sherman, improperly opting instead to rely on the opinions of state agency medical consultants Dr. Judy Panek and Dr. Alan Coleman. *See, e.g.*, Mot. at 8-11. The Commissioner counters that the ALJ did not err in weighing these opinions. *See, e.g.*, Resp. at 3-7. The Commissioner has the better argument.

Greater weight is generally accorded to the opinion of an examining physician than to a non-examining physician. *Andrews v. Shalala*, 53 F.3d 1035, 1040 (9th Cir. 1995). An ALJ may reject an examining doctor's contradicted opinion by providing specific and legitimate reasons for doing so based on substantial evidence in the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of a non-examining physician, standing alone, is insufficient to discount the opinion of an examining physician. *See, e.g.*, *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990).

In this case, Dr. Sherman opined that Plaintiff suffered from back and neck limitations that would prevent her from working, *see* A.R. 495-501, while Dr. Panek opined that Plaintiff could engage in sedentary work, A.R. 72-77, and Dr. Coleman opined that Plaintiff could engage in light work, *see* A.R. 87-89. The ALJ's weighing of these opinions ultimately led to the conclusion that Plaintiff could engage sedentary work. A.R. 18.

In so doing, the ALJ discounted the opinion of Dr. Sherman on the grounds that it was inconsistent with the medical record (including Dr. Sherman's own examination) and that Plaintiff's symptoms were effectively treated by the surgeries she undertook and the subsequent treatment she received. A.R. 17, 18. These findings are supported by substantial evidence. As noted by the ALJ, the record includes express indications that Plaintiff demonstrated significant improvement in her condition following her surgeries. *See* A.R. 17-18; *see also* A.R. 264 ("The patient has noted considerable improvement from her surgery"); A.R. 338 ("The lower back and leg pain is greatly improved following surgery. In fact she is not exieriencing [sic] any leg pain.

The lower back pain is now intermittent")).  The record also included findings of full motor strength, normal gait, normal range of motion, ability to transfer positions well, and only mild to moderate tenderness.  *See, e.g.*, A.R. 339 ("The patient transfers without difficulty from sit to stand, stand to sit and to exam table"); A.R. 496 (evaluation from Dr. Sherman that Plaintiff has a "normal gait," "sits easily during the interview," "easily walks on her heels and toes," "gains the examining room table easily," and "sits up from the lying position without difficulty" despite complaining of neck and low back pain); A.R. 512 (identifying full motor strength); A.R. 521 (finding "mild" tenderness); A.R. 727 ("normal ROM").  The record also includes support for finding that Plaintiff's pain was effectively managed with medication.  *See, e.g.*, A.R. 511, 516.  Moreover, an ALJ may properly discount a physician's opinion based on inconsistencies with the medical record and the fact that the claimant's condition is effectively controlled through treatment.  *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the medical record); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits").

In short, the reasons proffered for discounting the opinion of Dr. Sherman are supported by substantial evidence and are appropriate considerations in weighing medical opinion evidence.  Accordingly, the ALJ did not err in discounting the opinion of Dr. Sherman.[2]

B.   PLAINTIFF'S TESTIMONY

Plaintiff next argues that the ALJ erred in discounting her own testimony.  Mot. at 13-17.  The Commissioner counters that the ALJ proffered factually and legally sufficient reasons for discounting Plaintiff's testimony.  Resp. at 9-12.  The Commissioner has the better argument.

---

[2] Plaintiff argues that the ALJ also erred by not crediting a notation by Dr. William Muir that she is "permanently disabled." Mot. at 11-12; *see also* A.R. 516. The Commissioner counters that the ALJ was not required to accept Dr. Muir's conclusory statement. *See* Resp. at 7-8. The Commissioner has the better argument. "Statements by a medical source opining that a claimant is disabled are excluded as medical opinions because the final determination about a claimant's disability is reserved to the Commissioner." *Lee v. Colvin*, 80 F. Supp. 3d 1137, 1146 (D. Or. 2015) (citing 20 C.F.R. § 404.1527(d)(1)); *see also Dominguez v. Colvin*, 927 F. Supp. 2d 846, 861 (C.D. Cal. 2013).

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* SSR 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* SSR 16-3p. If an ALJ's determination to discount this testimony is supported by substantial evidence, the courts should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

In this case, the ALJ found that the claimant's testimony satisfied the first step in the analysis, but found that it faltered on the second step. A.R. 18. The ALJ discounted Plaintiff's allegations that she could not engage in even sedentary work as inconsistent with the medical record and undermined by Plaintiff's effective treatment. A.R. 17-18. As noted above, these findings are supported by substantial evidence in the record. Moreover, these are permissible considerations from which an ALJ may discount a claimant's testimony. *See, e.g.*, *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (inconsistency with the medical record); *Warre*, 439 F.3d at 1006 (impairments effectively controlled through treatment).

In short, the reasons proffered for discounting Plaintiff's testimony are supported by substantial evidence and are appropriate considerations in weighing such testimony. Accordingly, the ALJ did not err in discounting Plaintiff's allegations of suffering from disabling limitations.

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 14) be **DENIED** and that the Commissioner's Cross-Motion to Affirm (Docket No. 19) be **GRANTED**.

Dated: November 6, 2019

                                                                   _____
                                                                   Nancy J. Koppe
                                                                   United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).